96 F.3d 1438
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Kenneth AJAGHA, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 96-1125.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 22, 1996.
Decided Sept. 4, 1996.
 
 Randall L. Johnson, Arlington, Virginia, for Petitioner. Frank W. Hunger, Assistant Attorney General, Michael P. Lindemann, Assistant Director, Joan E. Smiley, Senior Litigation Counsel, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.
 Before HALL, MICHAEL, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Kenneth Ajagha, a native Nigerian, appeals from a Board of Immigration Appeals ("BIA") order that denied his motion to reopen the decision of the Immigration Judge finding him deportable. We affirm.
 
 
 2
 We review the BIA's denial of a motion to reopen under an abuse of discretion standard. INS v. Doherty, 502 U.S. 314, 323 (1992). Denial of a motion to reopen "must be reviewed with extreme deference," since immigration statutes do not contemplate reopening and the applicable regulations disfavor motions to reopen. M.A. v. INS, 899 F.2d 304, 308 (4th Cir.1990) (in banc).
 
 
 3
 Ajagha seeks to reopen based on his recent marriage to an American citizen with a young son. In light of Ajagha's criminal history, a marriage entered into during the pendency of the deportation proceeding does not require a reopening of the case. Therefore, the BIA did not abuse its discretion in denying Ajagha's motion to reopen.
 
 
 4
 Accordingly, we affirm the BIA's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED